# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LEORA RILEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 18-cv-2337-KHV-TJJ |
| | ) |
| PK MANAGEMENT, LLC, | ) |
| | ) |
| Defendants. | ) |

## NOTICE AND ORDER TO DEFENDANT
## PK MANAGEMENT, LLC TO SHOW CAUSE

**To Defendant PK Management, LLC**

On June 22, 2018, Defendant PK Management, LLC removed this case from the District Court of Wyandotte County, Kansas, asserting this court has subject matter jurisdiction under 28 U.S.C. § 1332.[1] The Notice of Removal fails to allege facts sufficient for the Court to determine whether diversity of citizenship exists, as § 1332 requires. PK Management, LLC alleges it is "a California limited liability company organized and existing under the laws of the State of California, with its principal place of business located in the State of California. Defendant is therefore a citizen of the State of California for purposes of determining diversity jurisdiction."[2] The Notice of Removal further states that Defendant Central Park Investors, LLC is "a limited liability company organized under the laws of the State of Ohio, with its principal place of

---

[1] ECF No. 1 at 3.

[2] *Id.* at 3-4.

business located in California; therefore, . . . [it] is a citizen of the states of Ohio and California for the purposes of determining diversity jurisdiction."[3]

The removed action also names as Defendants Aspen Companies Management LLC and Central Park Holdings, LLC.  The Notice of Removal makes no mention of those entities.

Last, PK Management, LLC alleges that plaintiff Leora Riley is a resident of Wyandotte County, Kansas and is therefore a citizen of the State of Kansas.[4]  The Notice of Removal makes no allegations of residency or citizenship for Plaintiffs Carolyn Bell or Terri Ozburn.

For diversity jurisdiction purposes, a person is a citizen of the state where he resides.[5] The citizenship of a business entity is determined by its organizational structure. If the business is a corporation, it is a citizen of the state where it is incorporated and the state where its principal place of business is located.[6]  If the business is a limited liability company, its citizenship is determined by the citizenship of each member of the LLC.[7]

Here, the Notice of Removal identifies each Defendant's organizational structure as limited liability companies. But PK Management, LLC never identifies the citizenship of any of the members of PK Management, LLC, Central Park Investors, LLC, Aspen Companies Management, LLC, or Central Park Holdings, LLC.  The allegations thus fail to establish any

---

[3] *Id.* at 4.

[4] *Id.* at 3.

[5] *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006).

[6] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

[7] *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members."); *see also Birdsong v. Westglen Endoscopy Ctr., LLC*, 176 F. Supp. 2d 1245, 1248 (D. Kan. 2001).

Defendant's citizenship for diversity jurisdiction purposes. Moreover, the allegations also fail to establish Plaintiffs Carolyn Bell and Terri Ozburn's citizenship for diversity jurisdiction purposes.

The Court has an independent obligation to satisfy itself that subject matter jurisdiction is proper,[8] and "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[9]

The Court cannot determine the citizenship of any party other than Leora Riley from the information PK Management, LLC has provided in the Notice of Removal. Consequently, the Court cannot conclude that Plaintiffs and Defendants are diverse for purposes of subject matter jurisdiction. The Court thus directs PK Management, LLC to show cause in writing **on or before July 6, 2018** why the Court should not remand this case to state court because it lacks subject matter jurisdiction over the action.

**IT IS THEREFORE ORDERED** that PK Management, LLC is required to show good cause in writing, **on or before July 6, 2018**, why the Court should not remand this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 26th day of June, 2018.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge

---

[8] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[9] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").