UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LEORA RILEY, et al.,<br>*Individually and on behalf of all others*<br>*similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>PK MANAGEMENT, LLC, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 18-cv-2337-KHV-TJJ<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel Discovery (ECF No. 78). Plaintiffs address alleged inadequacies in responses by Defendants Aspen Companies Management, LLC (Aspen) and Central Park Holdings, LLC (CPH) to their First Interrogatories. Plaintiffs ask the Court to (1) compel Defendant Aspen to provide a full response to Interrogatory 6, and (2) overrule objections by Defendants Aspen and CPH to a portion of Interrogatory 5 and compel their response thereto. Defendants Aspen and CPH oppose the motion. As set forth below, the Court grants the motion in part and denies it in part.

**I.     Relevant Background**

On August 6, 2018, Plaintiffs served their First Interrogatories on Aspen and on CPH. Each Defendant served its answers on October 9, 2018, and both sets of answers contained five objections to Interrogatory 5. During the parties' subsequent discussions, they resolved four of the objections, and on December 28, 2018, each Defendant served supplemental interrogatory answers. The supplemental answers retained an objection that Interrogatory 5 seeks in part information appropriate to merits discovery, and neither Defendant provided an answer to the subpart which seeks information Defendants deem appropriate for merits discovery, i.e. the total

amount of rent paid by residents of the apartment complex between January 26, 2013 and present.

In addition, Defendant Aspen's supplemental answer to Interrogatory 6 identified three pest control companies that provided extermination services since January 26, 2013, along with the point of contact for two of those companies. With respect to the third, Aspen responded the point of contact name is "Unknown."

Plaintiffs timely filed the instant motion and assert that counsel complied with the requirements of D. Kan. Rule 37.2. The Court finds that counsel made a reasonable attempt to resolve the issues in dispute without court action, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

## II.   Legal Standards

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. As amended in 2015, it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[1]

Considerations of both relevance and proportionality now govern the scope of discovery.[2] Relevance is still to be "construed broadly to encompass any matter that bears on, or that

---

[1] *Fed. R. Civ. P. 26(b)(1).*

[2] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

reasonably could lead to other matter that could bear on" any party's claim or defense.[3] Information still "need not be admissible in evidence to be discoverable."[4] The amendment deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase, however, because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[5]

The consideration of proportionality is not new, as it has been part of the federal rules since 1983.[6] Moving the proportionality provisions to Rule 26 does not place on the party seeking discovery the burden of addressing all proportionality considerations. If a discovery dispute arises that requires court intervention, the parties' responsibilities remain the same as under the pre-amendment Rule.[7] In other words, when the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[8] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the

---

[3] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[4] Fed. R. Civ. P. 26(b)(1).

[5] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[6] *Id.*

[7] *Id.*

[8] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

party seeking the discovery has the burden to show the relevancy of the request.[9] Relevancy determinations are generally made on a case-by-case basis.[10]

**III. Analysis**

The Court considers in turn each of Plaintiffs' challenges to Defendants' timely-asserted objections.

**A. Interrogatory 5**

Plaintiffs posed the same Interrogatory 5 to both Aspen and CPH, seeking the following information for people who resided at Central Park Towers between January 26, 2013 and the present: tenant name, unit number, dates of occupancy, and total amount of rent paid. In their supplemental interrogatory answers, Aspen and CPH provided answers to the first three items, but both objected to and declined to provide rental amounts.

Defendants argue discovery into rent information is an issue of merits discovery that should be deferred until a final ruling has been issued on class certification. They point to several provisions in the Phase I Class Certification Scheduling Order entered in this case[11] to support their contention that the Court has bifurcated discovery on class certification and merits discovery, including (1) an express statement that "[s]cheduling with regard to the merits of the case will be addressed in a subsequent Phase II Scheduling Order, if appropriate"; (2) expert discovery and close of discovery dates are provided "as to class certification," with the latter deadline pegged to the date for filing a motion for class certification; (3) deferral of a deadline

---

[9] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[10] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[11] ECF No. 40.

for physical and mental examinations until Phase II; and (4) a requirement that the parties initiate a Phase II scheduling order within 14 days of a final ruling on any interlocutory appeal on the issue of class certification.

Plaintiffs acknowledge that asking Aspen and CPH to reveal the amount of rent received from the tenants they identified "goes directly to damages."[12] However, Plaintiffs vigorously dispute that the Phase I Class Certification Scheduling Order has the intention or effect of bifurcating discovery, asserting the issue of bifurcation was never addressed during the Scheduling Conference. Plaintiffs argue the absence of certain deadlines for merits discovery was for practical reasons, but cannot be equated with a prohibition on discovery. Moreover, Plaintiffs point out that no other party Defendant has taken the position that discovery is bifurcated, and in fact others have answered this same interrogatory without objection.

The parties disagree on which side of the class certification/merits line rent information falls. Aspen and CPH contend it falls on the merits side because it is relevant to damages. Plaintiffs argue they may be required to show the putative class members will have common damages evidence as part of the predominance element of class certification. Plaintiffs also point to mediation scheduled in approximately two months and assert that knowing how much putative class members paid in rent provides them with damages information essential to a productive mediation.

Although at first glance the Phase I Class Certification Scheduling Order may seem to bifurcate discovery into issues relevant to class certification and, if appropriate, issues relevant to the merits of Plaintiffs' claims and Defendants' defenses, the Court agrees with Plaintiffs that the

---

[12] ECF No. 78 at 7.

issue was not discussed during the Scheduling Conference. The Court has not entertained a motion for nor entered an order bifurcating discovery. Defendants look for support in an advisory committee's note to Rule 23 which states as follows: "Although an evaluation of the probable outcome on the merits is not properly part of the certification decision, discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial. In this sense, it is appropriate to conduct controlled discovery into the 'merits,' limited to those aspects relevant to making the certification decision on an informed basis."[13]

As Judge Sebelius has noted, judges in this district have bifurcated class certification and merits discovery as part of their inherent duty to control discovery, and not based on evaluating a motion to bifurcate.[14] In other words, bifurcation has occurred in the form of Phase I and (if necessary) Phase II Scheduling Orders, and it is this Court's experience that parties generally expect and favor that approach. However, when the issue becomes disputed as it has through this motion, the Court finds it appropriate to address the issue directly. Accordingly, any party who takes the position that this case warrants an order of bifurcation shall file a motion seeking such relief, and all parties will have an opportunity to be heard.

That leaves open the question of whether Aspen and CPH must fully answer Interrogatory 5. The Court is persuaded that, regardless of whether this Court orders bifurcation, the rent information Plaintiffs seek is not exclusively relevant to the merits of the case. As the advisory committee's note quoted above indicates, controlled merits discovery is appropriate if it

---

[13] Fed. R. Civ. P. 23(c)(1) advisory committee's note to 2003 amendment.

[14] *Gonzalez v. Pepsico, Inc.*, No. 06-2163-KHV, 2007 WL 1100204, at *3 (D. Kan. Apr. 11, 2007) (collecting cases).

may inform the certification ruling. Moreover, the Court agrees the parties' scheduled mediation is likely to be more meaningful if Plaintiffs are able to present a more precise damages calculation. And if some Defendants have already provided the information, the absence of figures from Aspen and CPH could prove to be a stumbling block.

The Court grants Plaintiffs' motion insofar as it seeks to compel Aspen and CPH to further supplement their answers to Interrogatory 5.

### B.      Interrogatory 6

Plaintiffs contend that Aspen has provided an incomplete answer to Interrogatory 6 by failing to provide the name of its point of contact for Mason Exterminating. Aspen states that it does not know the information. Aspen has produced documents showing that Mason Exterminating treated the property a limited number of times in late 2016 and early 2017, with each record indicating the name of the technician who provided the service. However, Aspen has no name of a person or persons it considers a "point of contact." Aspen notes that it is fully cognizant of its obligation to supplement discovery answers and will provide Plaintiffs with a supplemental answer to Interrogatory 6 if it is able to identify such person or persons.[15]

A party must respond to discovery requests with complete and correct information.[16] Aspen states it has done so and acknowledges its duty to supplement if it later identifies a person or persons responsive to Interrogatory 6. Accordingly, the Court will impose no additional requirement and denies Plaintiffs' motion insofar as it seeks to compel Aspen to further supplement its answer to Interrogatory 6 with information Aspen does not currently possess.

---

[15] *See* Fed. R. Civ. P. 26(e)(1)(A) (duty to supplement).

[16] *See* Fed. R. Civ. P. 26(g)(1(A) (signature is certification that disclosure is complete and correct to best of signatory's knowledge, information, and belief formed after a reasonable inquiry).

**IT IS THEREFORE ORDERED** Plaintiffs' Motion to Compel Discovery (ECF No. 78) is **GRANTED** with respect to Interrogatory 5, and is **DENIED** with respect to Interrogatory 6. Within ten (10) business days of the date of this order, Aspen and CPH shall serve supplemental answers to Interrogatory 5.

**IT IS FURTHER ORDERED** that any motion to bifurcate discovery shall be filed no later than **February 20, 2019**.

**IT IS SO ORDERED.**

Dated this 8th day of February, 2019, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge