# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LEORA RILEY, et al., )
*Individually and on behalf of all others* )
*similarly situated,* )
　)
　　　　　　　Plaintiffs, )
　)
v. ) Case No. 18-cv-2337-KHV-TJJ
　)
PK MANAGEMENT, LLC, et al., )
　)
　　　　　　　Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Bifurcate Discovery (ECF No. 118) filed by two Defendants, Aspen Companies Management, LLC and Central Park Holdings, LLC, and joined by Defendant PK Management, LLC (ECF No. 119) and Defendant Central Park Investors, LLC (ECF No. 120). Defendants seek an order bifurcating discovery, limiting discovery during Phase I to issues related to class certification, and deferring merits discovery until Phase II. Plaintiffs oppose the motion. As set forth below, the Court will deny the motion.

## I.　　Relevant Background

In the briefing on Plaintiffs' Motion to Compel Discovery concerning interrogatories served on Defendants Aspen Companies Management, LLC ("Aspen") and Central Park Holdings, LLC ("CPH"),[1] Aspen and CPH asserted this Court had bifurcated discovery and they objected to answering an interrogatory because it constituted merits discovery that should be deferred until a final ruling has been issued on class certification. The Court rejected the argument because there is no such bifurcation order in this case. The Court instructed any party

---

[1] ECF No. 78.

who took the position that this case warrants an order of bifurcation to file a motion seeking such relief, and all parties would have an opportunity to be heard.[2] This motion followed.

## III. Analysis

As the Court previously noted, Scheduling Orders entered in this district that call for phased discovery generally arise out of the parties' agreement that certain discovery is necessary early in the case. Rarely do the orders require strict bifurcation. Here, however, Defendants argue the only way to give meaning to the Phase I Scheduling Order is to strictly limit discovery to inquiries into the elements of Fed. R. Civ. P. 23(a). Otherwise, Defendants argue, the issue of class certification will be delayed.

Defendants "concede that some merits-based discovery becomes necessary to resolve certification issues,"[3] but offer no suggestion for where or how the Court should draw the line between permissible and impermissible discovery. They do, however, point to certain discovery Plaintiffs seek—financial information, identities of passive non-parties, and premises issues unrelated to infestations—as being on the wrong side of the line and demonstrating the need for bifurcation. Defendants assert these areas of inquiry have no relevancy to and will slow the determination of class certification. In addition, Defendants contend this case will not continue to exist if the class is not certified, and imply certification is unlikely.

Defendants cite two cases in their motion, asserting they stand for the propositions that the first phase of discovery in class actions should be limited to the four prerequisites for class certification found in Rule 23(a), and that merits discovery delays dealing with class certification

---

[2] ECF No. 111 at 7-8.

[3] ECF No. 140 at 3.

issues.[4] However, neither case takes an absolutist position. Instead, the cases consider whether discernible lines exist between class certification and merits discovery and whether bifurcation would promote efficiency.

Plaintiffs contend Defendants make an effective argument against bifurcation by devoting so much criticism to the merits of the case that it appears Defendants intend to challenge certification on the merits. If that is true, Plaintiffs argue, they should certainly be permitted to conduct merits discovery to rebut Defendants' challenge.

Plaintiffs also disagree that this case will cease if a class is not certified, pointing out they represent more than 70 current and former residents of Central Park Towers and will seek to join those individuals as plaintiffs if the case does not proceed as a class action. With respect to efficiency, Plaintiffs contend that bifurcation would create discovery disputes as the parties disagree on whether a particular discovery request constitutes certification discovery, merits discovery, or both.

The Court finds that bifurcation is both unnecessary and would likely lead to a less speedy and inexpensive determination of this case contrary to Federal Rule of Civil Procedure 1. Defendants recognize that no workable definition exists for separating discovery in this case as they urge, and that some merits-based discovery will indeed be relevant to determining certification. That is true not only with respect to the four prerequisites of Rule 23(a), but it becomes even more apparent when considering that Plaintiffs will also need to show they satisfy

---

[4] *See Reid v. Unilever U.S., Inc.,* 964 F. Supp. 2d 893, 933 (N.D. Ill. 2013); *Gonzalez v. Pepsico, Inc.*, No. 06-2163-KHV, 2007 WL 1100204, at *3-4 (D. Kan. Apr. 11, 2007).

one or more of the types of class actions maintainable under Rule 23(b).[5] The Court finds any advantage that bifurcation might have would be outweighed by the disputes and motion practice concerning where to draw the line.[6] As Judge Sebelius noted:

> Often, however, bifurcating discovery in this manner will be counterproductive. Discovery relating to "class issues" is not always distinguishable from other discovery. Moreover, the key question in class certification is often the similarity or dissimilarity of the claims of the representative parties to those of the class members—an inquiry that may require some discovery on the "merits" and development of the basic issues. Nor will discovery into matters affecting other members of the putative class necessarily be wasted if a class is not certified, for in many cases this information will be valuable as circumstantial evidence.[7]

The parties have already conducted much discovery in this case, and it appears the instant motions are a result of Plaintiffs seeking discovery on a few discreet issues. Denying Defendants' motion does not mean Defendants will be without the ability to object to particular discovery requests. Indeed, Plaintiffs' three pending motions to compel suggest that has already occurred.[8]

**IT IS THEREFORE ORDERED** Defendants' Motion to Bifurcate Discovery (ECF No. 118) filed by Aspen Companies Management, LLC and Central Park Holdings, LLC, Defendant PK Management, LLC's Motion to Join Defendants' Motion to Bifurcate Discovery (ECF No. 119), and Central Park Investors, LLC's Motion to Join Defendants' Motion to Bifurcate

---

[5] *See* Fed. R. Civ. P 23(b). "If the class meets the four criteria under Rule 23(a), then the court must consider whether the class satisfies at least one of the three alternative class-types under Rule 23(b)." *CGC Holding, LLC v. Broad & Cassel*, 773 F.3d 1076, 1086 (10th Cir. 2014).

[6] *See Alfwear, Inc. v. Icon Health & Fitness, Inc.*, 2:17-CV-00476-EJF, 2018 WL 6592728, at *2 (D. Utah Dec. 14, 2018) ("While the parties could avoid some discovery by bifurcation if Icon prevails on liability, the Court anticipates numerous disputes and motions regarding where to draw the line of relevant discovery.") (citations omitted).

[7] *Gonzalez*, 2007 WL 1100204, at *3 (quoting 3 Newberg on Class Action § 9:44 (4th Ed. 2006)).

[8] ECF Nos. 122, 123, 126.

Discovery (ECF No. 120) are **DENIED.**

Dated this 1st day of April, 2019, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge