UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEORA RILEY, et al., )
*Individually and on behalf of all others* )
*similarly situated,* )
 )
                           Plaintiffs, )
 )
v. )    Case No. 18-cv-2337-KHV-TJJ
 )
PK MANAGEMENT, LLC, et al., )
 )
                           Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel Discovery (ECF No. 122). Plaintiffs seek an order compelling all Defendants to produce documents responsive to a request in Plaintiffs' Second Document Request seeking information about each Defendant's net worth. Defendants oppose the motion.[1] For the reasons set forth below, the Court will deny the motion.

### **I. Requested Discovery**

Plaintiffs served their Second Documents Requests on each Defendant on December 7, 2018. These requests include the following:

**REQUEST NO. 55:**[2] For each tax/fiscal year from 2008 to present, produce a copy of documents outlining YOUR net worth, including the following:
    a. Balance sheets;
    b. Income statements;
    c. Cash flow statements;

---

[1] Defendant PK Management, LLC's Response to Plaintiffs' Motion to Compel Discovery (ECF No. 134); Defendants Aspen Companies Management, LLC, and Central Park Holding, LLC's Suggestions in Opposition to Plaintiffs' Motion to Compel Discovery (ECF No. 135), and Central Park Investors, LLC's Response to Plaintiffs' Motion to Compel Discovery (ECF No. 136).

[2] Plaintiffs explain this request appeared as No. 56 in the RFPs sent to Defendant PK Management, LLC. For ease of reference, the Court will refer to all as RFP No. 55.

      d. Statements of shareholders' (and/or members') equity;
      e. Profit and loss statements;
      f. Financial statements; and,
      g. Income tax returns filed with the IRS.

Each Defendant objected to the request on various grounds. PK Management, LLC (PK) asserts the request is overly broad, not limited in time or scope, seeks confidential documents,[3] and seeks irrelevant information. Central Park Investors, LLC (Investors) objects on grounds of relevancy, proportionality, and overbreadth in temporal scope. Aspen Companies Management, LLC (Aspen) and Central Park Holdings, LLC (Holdings) assert the request is premature because the information is relevant only to punitive damages and not appropriate in the certification stage.[4]

Plaintiffs conferred with Defendants, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan 37.2, and Plaintiffs have timely filed this motion.

## II. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. As amended in 2015, it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

---

[3] In its response to the motion, PK does not address its confidentiality objection. The Court therefore considers it abandoned. The Court notes, however, that a protective order has been entered in this case. If Defendants ultimately produce net worth documents and feel the current protective order provides insufficient protection, they may move to amend the order.

[4] Several Defendants also objected on the basis that discovery is bifurcated and RFP No. 55 is not appropriate during the class certification discovery period. The Court rejected their assertion in its Memorandum and Order dated February 8, 2019 (ECF No. 111), and denied Defendants' motions to bifurcate (ECF No. 162).

> likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[5]

Considerations of both relevance and proportionality now govern the scope of discovery.[6] Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[7] Information still "need not be admissible in evidence to be discoverable."[8] The amendment deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase, however, because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[9]

The consideration of proportionality is not new, as it has been part of the federal rules since 1983.[10] Moving the proportionality provisions to Rule 26 does not place on the party seeking discovery the burden of addressing all proportionality considerations. If a discovery dispute arises that requires court intervention, the parties' responsibilities remain the same as under the pre-amendment Rule.[11] In other words, when the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under

---

[5] Fed. R. Civ. P. 26(b)(1).

[6] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[7] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[8] Fed. R. Civ. P. 26(b)(1).

[9] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[10] *Id.*

[11] *Id.*

Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[12] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[13] Relevancy determinations are generally made on a case-by-case basis.[14]

### III. Analysis

Although not all objections are common among Defendants, the Court finds it appropriate to treat them as such because all relate to the same request. Plaintiffs point to no distinctions between Defendants that would make any objection inapplicable or unique to a particular Defendant.

#### A. Premature/Relevance

Plaintiffs address each of the objections, starting with whether the request is premature. In this instance, the issue can also be stated as one of relevance, and thus must be the Court's first consideration. Defendants contend RFP No. 55 is premature because net worth would be relevant only if Plaintiffs were seeking punitive damages. Because Plaintiffs' First Amended Complaint does not assert a claim for punitive damages, Defendants' assertion is tantamount to an objection that RFP No. 55 seeks information that is irrelevant.

In their motion, Plaintiffs make no mention of punitive damages, but instead justify RFP No. 55 on the basis that they may seek to certify a common fund class under Federal Rule of

---

[12] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[13] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[14] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

4

Civil Procedure 23(b)(1)(B). Classes may be certified under this rule when claims are made by numerous persons against a fund insufficient to satisfy all claims.[15] Plaintiffs assert a factual question may exist regarding whether a limited fund exists in this case. If so, Plaintiffs contend it is mandatory that they know Defendants' net worth so they can satisfy their class certification burden.

Aspen and Holdings take great exception to this argument. The insurance coverage information they have provided in discovery reveals as much as $6 million in coverage, and PK and Investors have identified at least another $2 million of their own coverage. They argue Plaintiffs have not pleaded damages approaching those figures, nor have Plaintiffs amended their complaint to assert a claim for punitive damages. Finally, Aspen and Holdings assert that Defendants have given no indication they would be unable to satisfy the damages potentially at stake, nor do Plaintiffs have a reasonable basis to make such an assertion.

In their reply, Plaintiffs assert they intend to amend their complaint to add punitive damages, which they appear to believe would grant access to everything they seek in RFP No. 55. They also point out that each Defendant except Investors has produced a copy of a reservation of rights letter along with their insurance information, meaning the availability of insurance is not guaranteed. Plaintiffs also acknowledge those issues are questions to be addressed in a certification motion, and not in a discovery motion.

The Court finds RFP No. 55 is both premature and seeks irrelevant information. Plaintiffs have not sought leave to amend their complaint to add a claim for punitive damages, and the Court will not presuppose such a motion would be granted. And Plaintiffs' speculation

---

[15] *See* Fed. R. Civ. P. 23 advisory committee's note to 1966 amendment.

that they may seek common fund class certification does not rise to the level of certainty that entitles them to obtain Defendants' net worth information. Indeed, Plaintiffs concede that whether they will argue in favor of a common class fund is not an issue presently before the Court, but rather will be determined later—if at all—during class certification.

This case is unlike *Heartland Surgical Specialty Hospital, LLC v. Midwest Division, Inc*,[16] where defendants made a similar objection to producing their financial information relevant to punitive damages. Magistrate Judge Bostwick granted the motion to compel production of the defendants' financial information, but stayed production until after a dispositive motion ruling on the punitive damages claim. In that case, plaintiff had included a claim for punitive damages in its complaint before serving discovery related to financial statements. While the pleading made the discovery request relevant, the delay in production was appropriate because whether plaintiff was entitled to punitive damages would not be established until the court ruled on dispositive motions. In this case, in the absence of a claim for punitive damages or a motion for common fund class certification, no basis exists to require Defendants to produce the requested discovery at this point. However, the Court's rulings on relevancy and prematurity are without prejudice to renewal by Plaintiffs if they seek class certification under Rule 23(b)(1)(B) and/or Plaintiffs are granted leave to assert a punitive damages claim and it survives summary judgment. If Plaintiffs renew their request, however, it shall be limited as addressed below.

      **B.    Overly Broad/Temporal Scope**

PK and Investors argue the request is overbroad in the type of information it seeks and the time period it covers. Plaintiffs offer little argument except to cite cases which allow

---

[16] No. 05-2164-MLB-DWB, 2007 WL 950282, at *13 (D. Kan. Mar. 26, 2007).

discovery into certain matters from up to five years in advance of the incident at issue.[17] None of those cases are on point, as none address a plaintiff's entitlement to defendant's net worth information in relation to a punitive damages claim.

Plaintiffs ask for balance sheets, income statements, cash flow statements, statements of shareholders' (and/or members') equity, profit and loss statements, financial statements, and income tax returns filed with the IRS. This Court and other judges in this District have limited the scope of discoverable financial information relevant to the issue of punitive damages to the defendant's most recent annual reports and current financial statements.[18] Consistent with such rulings, the Court finds that cash flow statements, statements of shareholders' and/or members' equity and tax returns go beyond what is necessary or reasonable for Plaintiffs to show Defendants' net worth or financial condition. In addition, Plaintiffs have made no showing of a "compelling need for the [tax] returns because the information contained therein is not otherwise readily obtainable."[19]

Finally, Plaintiffs have made no showing why five to ten years is a reasonable time span for Defendants to be required to produce financial information. The Court finds it is overly broad. If Plaintiffs renew their request, they shall limit it to seek Defendants' most recent financial information, which the Court defines as the one-year period prior to the date each Defendant produces such information.

---

[17] *See* ECF No. 122 n.31.

[18] *See Accountable Health Solutions, LLC v. Wellness Corp. Solutions, LLC*, No. 16-cv-2494-DDC, 2017 WL 3229071, at *4-5 (D. Kan. July 31, 2017); *Heartland*, 2007 WL 950282, at *15; *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625962, at *4 (D. Kan. Oct. 5, 1995).

[19] *Audiotext*, 1995 WL 625962, at *11.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Discovery (ECF No. 122) is **DENIED WITHOUT PREJUDICE**, subject to the terms of this order.

**IT IS SO ORDERED.**

Dated this 5th day of April, 2019.

Teresa J. James
U. S. Magistrate Judge