UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LEORA RILEY, et al., *Individually and on behalf of all others similarly situated,* | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 18-cv-2337-KHV-TJJ |
| PK MANAGEMENT, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel Discovery (ECF No. 123). Plaintiffs seek an order compelling Defendant PK Management, LLC to answer subparts of two interrogatories in Plaintiffs' Second Interrogatories to Defendant PK Management, LLC which seek information about personnel salaries. Defendant opposes the motion. For the reasons set forth below, the Court will deny the motion.

**I.  Requested Discovery**

Plaintiffs served their Second Interrogatories on Defendant PK Management, LLC (PK) on December 7, 2018. The interrogatories include the following:

15. Except for those individuals who are identified in response to Second Interrogatory 16, below, Identify each of YOUR employees, members, agents, owners, managers, and representatives who visited the COMPLEX for any reason during the CLASS PERIOD, and for each, state the following:

    a. Their title or job position;

    b. Their hire date;

    c. Their compensation/salary;

    d. Whether they are currently employed by YOU; and,

> e. If they are no longer employed by YOU, the date they stopped working for YOU and their last known residential address.

16. Identify each of YOUR employees, members, agents, owners, managers, and representatives who worked at the COMPLEX on a regular basis on or after January 1, 2008, and for each, state the following:

> a. Their title or job position;
>
> b. Their hire date;
>
> c. Their compensation/salary;
>
> d. Whether they are currently employed by YOU; and,
>
> e. If they are no longer employed by YOU, the date they stopped working for YOU and their last known residential address.[1]

Defendant PK objected to subparagraph (c) in each of the interrogatories on the basis that they seek information that is not relevant to Plaintiffs' claims and has no bearing on the issues in this litigation.[2]

Plaintiffs conferred with Defendant, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan 37.2, and Plaintiffs have timely filed this motion.

**II.  Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. As amended in 2015, it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

---

[1] ECF No. 123-2 at 3, 5.

[2] In its response to the motion, PK attempts to add another objection based on what it believed is or should be bifurcated discovery. The Court does not consider an objection not timely asserted. In any event, the Court rejected this assertion in its Memorandum and Order dated February 8, 2019 (ECF No. 111), and denied Defendants' motions to bifurcate (ECF No. 162).

> importance of the discovery in resolving the issues, and whether
> the burden or expense of the proposed discovery outweighs its
> likely benefit. Information within this scope of discovery need not
> be admissible in evidence to be discoverable.[3]

Considerations of both relevance and proportionality now govern the scope of discovery.[4] Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[5] Information still "need not be admissible in evidence to be discoverable."[6] The amendment deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase, however, because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[7]

The consideration of proportionality is not new, as it has been part of the federal rules since 1983.[8] Moving the proportionality provisions to Rule 26 does not place on the party seeking discovery the burden of addressing all proportionality considerations. If a discovery dispute arises that requires court intervention, the parties' responsibilities remain the same as under the pre-amendment Rule.[9] In other words, when the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating

---

[3] Fed. R. Civ. P. 26(b)(1).

[4] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[5] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[6] Fed. R. Civ. P. 26(b)(1).

[7] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[8] *Id.*

[9] *Id.*

that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[10] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[11] Relevancy determinations are generally made on a case-by-case basis.[12]

### III. Analysis

The only issue before the Court is whether the information Plaintiffs seek regarding the compensation of certain PK personnel is relevant. The personnel at issue include every employee, member, agent, owner, manager, and representative of PK who visited Central Park Towers for any reason during the class period,[13] and who worked at Central Park Towers on a regular basis on or after January 1, 2008.

Plaintiffs allege this putative class action is "about numerous infestations in [Central Park Towers] which the Defendant landlords and property managers have actual knowledge of but failed to disclose and have failed (or refused) to remediate."[14] PK served as the property manager for Central Park Towers from January 26, 2013 to October 29, 2015.[15] In its answer,

---

[10] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[11] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[12] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[13] Plaintiffs define the class period as January 26, 2013 to present. First Amended Class Action Petition for Damages (ECF No. 1-1) ¶81. In their reply brief, they also state the class period is "constrained by the statute of limitations, not the duration of the infestations." ECF No. 144 n.1.

[14] ECF No. 1-1 ¶2.

[15] PK provided these dates in its response to another motion to compel. *See* ECF No. 134 at 2.

PK does not raise any affirmative defense which could reasonably be construed to suggest its alleged failure to adequately control alleged infestations was affected by available funds. Consequently, Plaintiffs' inquiry into salaries and compensation does not encompass any matter that bears on, or that reasonably could lead to other matter that could bear on Plaintiffs' claims or PK's defenses. Plaintiffs therefore have the burden to demonstrate why the information they seek is relevant.

Plaintiffs assert the compensation and salary information they seek goes to motive, i.e. "if any form of their compensation would be tied to duties (or the opposite: instructions *not* to act) related to the issues in this case; the infestations."[16] In their reply, Plaintiffs elaborate: "the factfinder could look at the salary and compensation of Defendant's employees to consider their potential motive to either outright lie or to give vague, misleading, or half-answers to important questions. It would also be, at a minimum, circumstantial evidence on questions such as motive to act in a certain way."

The Court understands that Plaintiffs are entitled to conduct discovery on every aspect of PK's actions as manager as they relate to the habitability of Central Park Towers as alleged in the amended complaint. However, Plaintiffs provide no basis to support accusations that any of the affected individuals would lie or give incomplete or evasive answers to "important questions," nor do they explain what those questions might be or who might pose them. If Plaintiffs have a good-faith basis to inquire into a particular individual's salary or compensation,

---

[16] ECF No. 123 at 4.

they should have asserted it.[17]  Failing to do so, the Court finds the interrogatory subparagraphs at issue do not seek relevant information and are overbroad.  The Court sustains PK's objections.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Discovery (ECF No. 123) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 5th day of April, 2019.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[17] And if Plaintiffs have a good-faith basis with respect to any individual, presumably they have other means of obtaining this information during relevant depositions.