**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LEORA RILEY, et al., *Individually and on behalf of all others similarly situated,* ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 18-cv-2337-KHV-TJJ |
| PK MANAGEMENT, LLC, et al., ) ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Amend Complaint (ECF No. 188) filed by Plaintiffs. Plaintiffs seek leave to amend their complaint to plead punitive damages, additional facts learned in discovery, a limited fund class, and negligence. Defendants jointly oppose the motion with respect to punitive damages, but they state no opposition to the other proposed amendments. Upon consideration of the matter, the Court finds the motion should be granted.

Background

On June 6, 2018, Plaintiffs brought this putative class action in the District Court of Wyandotte County, Kansas. Defendant PK Management, LLC timely filed a notice of removal.[1] The Court has set a limited number of Scheduling Order deadlines, culminating with a briefing schedule for Plaintiffs' anticipated motion for class certification. The parties have engaged in significant discovery and the Court has ruled on a number of discovery-related motions. The

---

[1] *See* Notice of Removal (ECF No. 1) and First Amended Class Action Petition (ECF No. 1-1 at 127-210).

deadline for Plaintiffs to seek leave to amend their complaint was May 20, 2019.[2] On that date, Plaintiffs filed the instant motion.

Plaintiffs' original class action petition includes seven counts. And because Plaintiffs filed this case in state court, the original pleading does not use the language of Federal Rule of Civil Procedure 23(b) to describe the types of class actions it asserts.[3] In their proposed Second Amended Class Action Complaint, Plaintiffs (1) conform their pleading to reflect the language of Rule 23(b) regarding the types of class actions they assert, and add a "limited fund class" under Rule 23(b)(1)(B); (2) add factual allegations learned in discovery; (3) add a count alleging negligence against all Defendants; and (4) seek punitive damages in the counts alleging violations of an implied warranty of habitability (Count Two), breach of statutory duty to materially comply with lease and to provide habitable housing (Count Three), nuisance (Count Seven), and negligence (Count Eight).

Defendants filed a joint response objecting only to the proposed inclusion of punitive damages. Defendants argue that a prayer for punitive damages would be futile and should therefore be rejected.

## Legal Standard

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion

---

[2] *See* Amended Phase I Class Certification Scheduling Order (ECF No. 125) at 2.

[3] *See* Fed. R. Civ. P. 23(b) ("Types of Class Actions").

under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[4] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[5] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[6] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[7] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[8]

In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[9] Therefore, the court will deny an amendment on the basis of futility only when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented a claim to relief that is plausible on its face.[10] A complaint or amendment thereof need only make a statement of the

---

[4] Fed. R. Civ. P. 15(a)(1).

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[7] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[8] *Id.* (quoting *Foman*, 371 U.S. at 182).

[9] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[10] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

claim and provide some factual support to withstand dismissal.¹¹ It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true.¹² The party opposing the proposed amendment bears the burden of establishing its futility.¹³

Analysis

It is well settled that a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim.¹⁴ Dismissal of a claim under Rule 12(b)(6) is appropriate only when it appears "beyond a doubt" that a party can prove no set of facts in support of the theory of recovery that would entitle it to relief.¹⁵ The issue before this Court is therefore not whether Plaintiffs ultimately will prevail on their prayer for punitive damages, but whether they are entitled to offer evidence to support their alleged entitlement thereto.¹⁶

Although Defendants recite the correct legal standard for determining futility, their argument applies a much more stringent standard that essentially examines whether the pleading

---

¹¹ *Twombly*, 550 U.S. at 555.

¹² *Id.* at 556.

¹³ *Mars v. Novartis Pharm. Corp.*, No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

¹⁴ *Bratcher v. Biomet Orthopedics, LLC*, No. 19-cv-4015-SAC-TJJ, 2019 WL 2342976, at *5 (D. Kan. June 3, 2019) (citing *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995)).

¹⁵ *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).

¹⁶ *Beach v. Mutual of Omaha Ins. Co.,* 229 F. Supp. 2d 1230, 1234 (D. Kan. 2002).

could be defeated by a motion for summary judgment.[17] For example, Defendants argue that "[a]t this stage, the court must determine whether a jury could reasonably find the clear and convincing evidence at the initial stage of trial to determine if there is a sufficient claim for punitive damages."[18] Defendants devote most of their brief to arguing and disputing the merits of Plaintiffs' factual allegations, which is not the relevant inquiry. Rather, the Court is to accept Plaintiffs' well-pleaded factual allegations as true. Moreover, it is beyond the reach of this motion to consider whether Plaintiffs will ultimately recover punitive damages.

The Court notes that Plaintiffs were precluded from including a prayer for punitive damages in the petition they filed in state court. Under Kansas law, a party may not plead punitive damages before being granted leave to do so.[19] Defendants acknowledge the limitation but assert that Kansas law also imposes on Plaintiffs "the burden of proving, by clear and convincing evidence in the initial phase of the trial, that the defendant acted toward the plaintiff with willful conduct, wanton conduct, fraud or malice."[20] According to Defendants, Plaintiffs must meet this standard before they can plead punitive damages. The law in this district is to the contrary. When a plaintiff seeks to amend a complaint to add a claim for punitive damages,

---

[17] *See* Joint Response to Plaintiff's Motion for Leave to Amend (ECF No. 195) at 2 ("'While it is true that leave to amend a pleading is usually freely given, [. . .] if the amended pleading could be defeated by a motion for summary judgment, to grant leave to amend would be a futile gesture.'" (quoting *Eria v. Tex. E. Transmission Corp.*, 377 F. Supp. 344, 345 (E.D.N.Y. 1974)).

[18] ECF No. 195 at 3.

[19] K.S.A. 60-3703 ("No tort claim or reference to a tort claim for punitive damages shall be included in a petition or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed."). The parties agree the issue of whether punitive damages are permitted is governed by state substantive law. *See Ayres v. AG Processing, Inc.*, No. Civ. A. 04-2060-DJW, 2005 WL 1799261, at *3 (D. Kan. July 22, 2005).

[20] ECF No. 195 at 2-3 (quoting K.S.A. 60-3702(c)).

"Plaintiff is not required to meet the 'clear and convincing' standard for punitive damages, nor submit concrete evidence to support her claim, at this phase of the case. Rather, she must simply state enough facts to make her punitive damages claim plausible on its face."[21]

Plaintiffs demonstrate they have met their applicable burden. They allege willful actions: although Defendants knew about the infestations and need for adequate extermination, they chose not to provide the exterminations and therefore knowingly subjected the tenants to substandard living conditions.[22] They allege wantonness (i.e. knowledge that something is dangerous and reckless disregard for the probable consequences[23]): although Defendants knew of the danger because they received more than a dozen inspection reports of infestations, they refused multiple suggestions to perform a full-building inspection.[24] And finally, they allege fraud: Defendants did not tell the tenants about the infestations and are concealing the information from the Department of Housing and Urban Development by not reporting it in a recent inspection report.[25] Plaintiffs devote most of 28 pages of their proposed amended pleading to factual allegations which, collectively, sufficiently state facts to make their punitive damages claim plausible on its face. Defendants have not met their burden to show that Plaintiffs' proposed amendment is futile.

---

[21] *Somrak v. Kroger Co.*, No. 17-2480-CM-GEB, 2018 WL 1726346, at *4 (D. Kan. April 10, 2018). *See also Ayres,* 2005 WL 1799261, at *3 (holding K.S.A. 60-3702(c) "merely establishes a burden of proof for punitive damages in the initial phase of the trial" but "does not place restrictions on whether a party may make a claim for punitive damages"); *Bailey v. Hyatt*, No. 15-4001-SAC, 2015 WL 4603292, at *3 (D. Kan. July 30, 2015) (same).

[22] ECF No. 188-1 ¶ 190.

[23] *Soto v. City of Bonner Springs*, 238 P.3d 278, 284 (Kan. 2010).

[24] ECF No. 188-1 ¶¶ 62-117.

[25] ECF No. 188-1 ¶¶ 4, 59, 118-19.

The Court concludes that Plaintiffs' proposed Second Amended Class Action Complaint is not futile. Plaintiffs should be afforded the opportunity to offer evidence to support their allegations. Defendants suffer no prejudice from the amendment, and the Court finds that justice requires granting Plaintiffs' motion.

**IT IS THEREFORE ORDERED** that the Motion to Amend Complaint (ECF No. 188) is **GRANTED**. In accordance with D. Kan. Rule 15.1(b), Plaintiffs shall electronically file and serve their Second Amended Class Action Complaint within five business days of the date of this order.

**IT IS SO ORDERED.**

Dated this 9th day of July, 2019 at Kansas City, Kansas.

*/s/ Teresa J. James*
Teresa J. James
U. S. Magistrate Judge