# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **LEORA RILEY and TERRI OZBURN,** ) | | |
| **Individually and on behalf of** ) | | |
| **all others similarly situated,** ) | | |
| ) | | |
| **Plaintiffs,** ) | CIVIL ACTION | |
| v. ) | | |
| ) | No. 18-2337-KHV | |
| **PK MANAGEMENT, LLC, et al.,** ) | | |
| ) | | |
| **Defendants.** ) | | |
| _____ ) | | |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Plaintiffs' Motion For Leave To File Under Seal</u> (Doc. #242) filed September 16, 2019. For reasons stated below, the Court overrules plaintiffs' motion.

Plaintiffs ask the Court to seal the second page of Exhibit X to their <u>Motion To Certify Class</u> (Doc. #239). This page consists of information about an inspection by the United States Department of Housing and Urban Development ("HUD"), including the number of units inspected, occupancy rate information and bed bug sightings. Plaintiffs base their request on the <u>Protective Order</u> (Doc. #45) that U.S. Magistrate Judge Teresa J. James entered on September 28, 2018.

Federal courts have long recognized a common-law right of access to judicial records. <u>Mann v. Boatright</u>, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. <u>Crystal Grower's Corp. v. Dobbins</u>, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in judicial proceedings is intended to ensure that courts are fair and judges are honest. <u>Id.</u> In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is

paramount, against the interests advanced by the parties.  Id.; Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011).  Parties seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents.  See Mann, 477 F.3d at 1149; see also Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012).  The parties must articulate a real and substantial interest that justifies depriving the public of access to records that inform the Court's decision-making process.  See Colony Ins., 698 F.3d at 1241; see also Williams v. FedEx Corp. Servs., 849 F.3d 889, 905 (10th Cir. 2017).

Here, plaintiffs ask the Court to seal the second page of Exhibit X because HUD marked it as "confidential" pursuant to the protective order.  Plaintiffs do not address how their interests in non-disclosure of the information outweighs the public interest in open courts.  Accordingly, the Court overrules plaintiffs' motion to seal.  See Helm, 656 F.3d at 1292 (parties cannot overcome presumption against sealing records simply by showing that records subject to protective order in district court).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Leave To File Under Seal (Doc. #242) filed September 16, 2019 is **OVERRULED**.

Dated this 9th day of October, 2019 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge