# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LEORA RILEY, et al., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 18-2337-KHV |
| | ) | |
| PK MANAGEMENT, LLC, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Leora Riley and Terri Ozburn bring putative class action claims against PK Management, LLC, Central Park Investors, LLC, Aspen Companies Management, LLC and Central Park Holdings, LLC. Second Amended Class Action Complaint (Doc. #204) filed July 15, 2019. Plaintiffs allege that defendants failed to prevent and remedy uninhabitable living conditions at Central Park Towers, an apartment building in Kansas City, Kansas. This matter is before the Court on Plaintiff's Omnibus Motion To Strike Expert Designations Or In The Alternative, Exclude Or Limit Expert Testimony (Doc. #243) filed September 16, 2019. For reasons stated below, the Court overrules plaintiffs' motion.

## Procedural Background

On July 26, 2019, defendants PK Management and Central Park Investors designated the following individuals as non-retained expert witnesses: (1) Scott Rhine; (2) Ed Milberger; (3) Terry Davis; (4) Claudio Carreon; (5) Michael Mason, Jr.; (6) Charity McClendon; and

(7) Devon Bryant.[1]  (Doc. #243-1) at 2-5.  The individuals so designated did not file expert witness reports.

Also on July 26, 2019, defendants Aspen Companies Management and Central Park Holdings joined their co-defendants in designating Michael Mason, Jr. and Claudio Carreon. They also designated the following non-retained expert witnesses: (1) Michael Mosley; (2) Loren Albright; (3) Josh Johnson; (4) Barry Weiss; and (5) Joe Reynolds.  (Doc. #243-2) at 2-4.  These designated individuals did not file expert witness reports.

On September 16, 2019, plaintiffs filed their motion challenging all of defendants' experts except Davis and Mason.  Plaintiffs' Omnibus Motion To Strike Expert Designations Or In The Alternative, Exclude Or Limit Expert Testimony (Doc. #243).  Plaintiffs requested that the Court strike defendants' expert designations or, in the alternative, limit or exclude their testimony pursuant to Fed. R. Evid. 702 and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). Defendants opposed plaintiffs' motion.[2]

After a hearing on November 13, 2019, U.S. Magistrate Judge Teresa J. James denied plaintiffs' motion to strike but ordered that by December 6, 2019, defendants serve supplemental expert designations that fully comply with Rule 26(a)(2)(C).  Clerk's Minute Sheet – Motion

---

[1] PK Management and Central Park Investors did not specify a subsection of Rule 26. Because they designated non-retained experts, the Court presumes that they filed their designations under Rule 26(a)(2)(C).

[2] See Defendants Central Park Investors LLC And PK Management, LLC's Brief In Opposition To Plaintiffs' Omnibus Motion To Strike Expert Designations Or, In The Alternative, Exclude Or Limit Expert Testimony (Doc. #247) filed September 30, 2019; Defendants Aspen Companies Management, LLC And Central Park Holdings, LLC's Opposition To Plaintiff's Omnibus Motion To Strike Expert Designations Or In The Alternative, Exclude Or Limit Expert Testimony (Doc. #248) filed September 30, 2019.

Hearing (Doc. #268). Judge James did not rule on plaintiffs' alternative request that the Court exclude or limit expert testimony.

In accordance with Judge James's order, defendants served supplemental non-retained expert designations.[3] See Exhibits A and B to Notice Of Partial Withdrawal Of Motion To Exclude Or Limit Expert Testimony (Doc. #277) filed December 12, 2019. In addition, PK Management and Central Park Investors withdrew their designations of Rhine, Carreon, Mason and McClendon. Aspen Companies Management and Central Park Holdings withdrew their designation of Carreon.

On December 12, 2019, plaintiffs withdrew their motion to exclude or limit expert testimony of Scott, Milberger, Carreon, McClendon and unidentified technicians and individuals who prepared the pre-Real Estate Assessment Center ("REAC") inspections. Notice Of Partial Withdrawal Of Motion (Doc. #277). Plaintiffs did not withdraw their motion as to other experts, and did not file additional briefing. The Court therefore construes plaintiffs' motion as one to limit or exclude testimony of Bryant, Mosley, Albright, Johnson, Weiss and Reynolds.

Defendants did not respond to plaintiffs' partial withdrawal of their motion or supplement their briefs to respond to the parties' supplemental disclosures.

**Analysis**

In light of defendants' supplemental disclosures under Rule 26(a)(2)(C), plaintiffs must re-brief their motion to exclude or limit expert testimony. If they wish to challenge defendants' supplemental non-retained expert witness designations, plaintiffs must directly address how such testimony is deficient under Rule 702, Fed. R. Evid., and Daubert v. Merrel Dow Pharm., Inc., 509

---

[3] Pursuant to a request from plaintiffs, defendants amended their supplemental designations on December 9, 2019.

U.S. 579 (1998). In addition, plaintiffs must be mindful that Rule 702 and <u>Daubert</u> are primarily addressed to the sufficiency of expert *opinion*. Like non-expert witnesses, witnesses who qualify as experts by virtue of knowledge, skill, experience, training or education may generally testify as to *facts*; they generally do not need to qualify their factual testimony under Rule 702 or <u>Daubert</u>, and plaintiffs should take care to challenge only the opinion testimony of such witnesses.

**IT IS THERFORE ORDERED** that <u>Plaintiff's Omnibus Motion To Strike Expert Designations Or In The Alternative, Exclude Or Limit Expert Testimony</u> (Doc. #243) filed September 16, 2019 is **OVERRULED without prejudice**.

Dated this 7th day of January, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
