## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LEORA RILEY, et al., | ) | |
| *Individually and on behalf of all others* | ) | |
| *similarly situated,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-2337-KHV-TJJ |
| | ) | |
| PK MANAGEMENT, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Join Young Management Corporation as Defendant (ECF No. 286). Plaintiffs seek to add a party Defendant due to a recent change in property managers at the subject property. Young Management Corporation ("Young") is now the on-site property manager for Central Park Towers, and Plaintiffs assert that in its absence, they could not obtain complete relief should they prevail in their claim for injunctive relief. Defendants do not oppose the motion with respect to Count I of Plaintiffs' Second Amended Complaint (the injunctive relief claim), but they object to any amendment that would purportedly revive class action non-injunctive relief claims asserted in Counts II through VIII.  Upon consideration of the matter, the Court finds the motion should be granted.

### Background

On December 20, 2019, District Judge Vratil denied Plaintiffs' Motion for Class Certification without prejudice.[1] Consistent with the Phase I Scheduling Order entered in this

---

[1] ECF No. 278.

case, the parties submitted a Phase II Planning Report and the undersigned Magistrate Judge convened a Status Conference to address further scheduling. After hearing Plaintiffs' plan for managing the case and Defendants' views on how to most efficiently proceed, the Court entered a Preliminary Phase II Class Certification Scheduling Order.[2] Plaintiffs had just recently learned that Young was the new property manager, and counsel explained that regardless of whether or how the complaint might be amended, Plaintiffs fully intended to continue pursuing injunctive relief which would necessarily include Young's management of Central Park Towers. Defendants Aspen Companies Management, LLC and Central Park Holdings, LLC argued that Young should be added to the case before Plaintiffs sought leave to amend their complaint. Although no commitment was made, several Defendants suggested they were unlikely to oppose the addition of Young as a fellow Defendant. After considering the parties' positions, the undersigned Magistrate Judge entered an order employing the sequence Defendants proposed. The order directs Plaintiffs to file their motion to add Young and, after obtaining a ruling on that motion, to file their motion to intervene and amend regarding additional tenants and claims, as well as their renewed motion for class certification.

Now, however, Aspen Companies Management, LLC and Central Park Holdings, LLC object that the proposed Third Amended Complaint that accompanies Plaintiffs' motion contains the same claims on behalf of all class members that were asserted in Counts II – VIII of the Second Amended Complaint. These Defendants argue that because Judge Vratil denied certification of a class, Plaintiffs' inclusion of these claims is futile and their motion should be

---

[2] ECF No. 283.

denied. The remaining Defendants joined in the response.[3] Essentially, Defendants complain that Plaintiffs are following the two-step process that Defendants proposed and the Court ordered, ignoring the second step in which Plaintiffs will seek to amend their complaint in light of Judge Vratil's order. In their reply, Plaintiffs deny they seek to revive class allegations that did not survive Judge Vratil's order.

<u>Legal Standard</u>

Federal Rule of Civil Procedure 20 permits joinder of parties as defendants if (1) any right to relief is asserted against the defendants jointly, severally, or in the alternative; (2) the requested relief arises out of the same transaction, occurrence, or series of transactions or occurrences; and (3) the action involves any question of law or fact common to the defendants.[4] The purpose of Rule 20 is "to avoid multiplicity of lawsuits and promote efficient justice."[5] The court broadly construes the rule in favor of allowing joinder.[6]

<u>Analysis</u>

Defendants do not dispute that Plaintiffs will seek relief against Young and the current Defendants jointly, severally, or in the alternative. Nor do they dispute that Plaintiffs' claims arise out of the same occurrences and involve questions of common law and fact. Indeed, Defendants do not argue that Young should not be a Defendant in this action. The Court finds Plaintiffs have made a sufficient showing that joinder of Young is appropriate.

---

[3] *See* ECF Nos. 288 (Central Park Investors, LLC) and 289 (PK Management, LLC).

[4] Fed. R. Civ. P. 20(a)(2).

[5] *Hall v. Witteman,* No. 07–4128–SAC, 2008 WL 2949567, at *2 (D. Kan. July 30, 2008).

[6] *Nat'l Fire Ins. Co. of Hartford v. Nat'l Cable Tel. Cooperative, Inc.*, No. 10-2532-CM, 2011 WL 1430331, at *3 (D. Kan. Apr. 14, 2011).

Defendants argue that, as drafted, Plaintiffs' motion should be denied as futile. However, Rule 20(a)(2) does not provide for denial of joinder on the basis of futility of proposed claims. Defendants' argument is directed at what may appear to be an effort to add Young but not conform their complaint to Judge Vratil's ruling. Certainly a court may deny leave to amend a pleading pursuant to Federal Rule of Civil Procedure 15 on the basis that the proposed amendments would be futile.[7] Determinations of amendment under Rule 15(a) and adding a party pursuant to Rule 20 often go hand-in-hand.[8] Indeed, the addition of Young as a party, together with the limitations imposed by Judge Vratil's ruling, will require Plaintiffs to amend their Complaint, which they recognize. Plaintiffs explicitly state that "the purpose of this motion [to join Young Management Corporation as Defendant] is exclusively to add Young as a Defendant."[9] Presuming that the proposed Third Amended Complaint Plaintiffs will submit with their motion to amend makes substantive changes to the class allegations, such a pleading is unlikely to be futile.[10]

Accordingly, the Court will grant Plaintiffs' motion to add Young Management Corporation as a party Defendant. When Plaintiffs file their motion to amend their pleading, the proposed Third Amended Complaint that accompanies the motion shall include all the changes Plaintiffs intend to make, including asserting a mass tort and maintaining a claim for injunctive class relief.

---

[7] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010).

[8] *E.g., Wayman v. Accor v. N. Am., Inc.*, 486 F. Supp. 2d 1280, 1285 (D. Kan. 2007).

[9] Plaintiffs' Reply (ECF No. 291) at 1.

[10] The Court understands that Plaintiffs will also seek to join other tenants as Plaintiffs and assert a mass tort theory.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Join Young Management Corporation as Defendant (ECF No. 286) is **GRANTED**. Within ten days of the date of this order, Plaintiffs shall file their motion to amend their Second Amended Class Action Complaint, attaching thereto a proposed pleading that names Young Management Corporation as a Defendant and includes all other amended allegations Plaintiffs intend to assert.

**IT IS SO ORDERED.**

Dated this 29th day of April, 2020 at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge