## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LEORA RILEY, et al.,                                        )
*Individually and on behalf of all others*                 )
*similarly situated,*                                        )
                                                            )
                                    Plaintiffs,             )
                                                            )
v.                                                          )          Case No. 18-cv-2337-KHV-TJJ
                                                            )
PK MANAGEMENT, LLC, et al.,                                 )
                                                            )
                                    Defendants.             )

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Amend and Intervene (ECF No. 293) filed by Plaintiffs.  Plaintiffs seek leave to amend their complaint primarily to remove all non-injunctive relief class claims, name a new proposed class representative for the injunctive relief class, add personal injury claims, and add claims under the Kansas consumer protection act. Separately, Plaintiffs also seek leave to include additional residents of Central Park Towers as intervenors.[1] Defendant Central Park Investors, LLC ("Investors") opposes both amendment of the complaint and intervention.[2] Defendants Aspen Companies Management, LLC ("Aspen") and Central Park Holdings, LLC ("Holdings") also oppose both, as well as any amendment to the current Scheduling Order.[3] Defendant PK Management ("PK") filed an opposition to Plaintiffs' motion,[4] but later withdrew the filing and takes no position.[5] Upon consideration of the matter,

---

[1] *See* Proposed Third Amended Class Action Complaint (ECF No. 293-4).

[2] See ECF No. 296.

[3] See ECF No. 297.

[4] See ECF No. 295.

[5] ECF No. 298.

the Court finds the motion should be granted and Plaintiff will be granted leave to amend their complaint and include additional intervenors.

## I.      Background

Plaintiffs timely filed their motion as the Court directed in its Memorandum and Order granting Plaintiffs' Motion to Join Young Management Corporation as Defendant.[6] In addition, Plaintiffs have complied with the directive that "[w]hen Plaintiffs file their motion to amend their pleading, the proposed Third Amended Complaint that accompanies the motion shall include all the changes Plaintiffs intend to make, including asserting a mass tort and maintaining a claim for injunctive class relief."[7]  In addition, Plaintiffs had made it clear that they also intended to include other former and current residents of Central Park Towers as intervening Plaintiffs.[8]

Plaintiffs explain that not all current and former tenants represented by Plaintiffs' counsel are included in the motion to intervene, however, because the legal and practical restrictions imposed by Covid-19 have resulted in Plaintiffs' counsel being unable to complete their required due diligence for all their clients. For this reason, Plaintiffs and Proposed Intervenors believe that a multi-wave approach is the optimal method of joining all current and former tenants represented by counsel who have meritorious claims, whereby additional clients could file a motion to intervene on a later date. Plaintiffs and Proposed Intervenors suggested that this be done in approximately 45 days. Defendants advise they oppose this approach.

## II.     Motion to Amend

---

[6] *See* ECF No. 292.

[7] *Id.* at 4.

[8] *Id*. at 4 n.10 ("The Court understands that Plaintiffs will also seek to join other tenants as Plaintiffs and assert a mass tort theory.").

**Legal Standards**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[9] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[10] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[11] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[12] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[13]

In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[14] Therefore, the court will deny an amendment on the basis of futility only when, accepting the well-pleaded

---

[9] Fed. R. Civ. P. 15(a)(1).

[10] Fed. R. Civ. P. 15(a)(2).

[11] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[12] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[13] *Id.* (quoting *Foman*, 371 U.S. at 182).

[14] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented a claim to relief that is plausible on its face.[15] A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[16] It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true.[17] The party opposing the proposed amendment bears the burden of establishing its futility.[18]

**Analysis**

Investors urges the Court to refuse Plaintiffs' proposed amendment as untimely. From a procedural standpoint, Investors is incorrect. Plaintiffs filed their motion within the time permitted under the Preliminary Phase II Class Certification Scheduling Order.[19] Investors, Aspen and Holdings also raise a related argument, asserting they would suffer undue delay if the amendment is allowed. They point to facts Plaintiffs have known since they filed their First Amended Class Action Petition for Damages, including such issues as mold, bed bug bites, flooding, lack of hot water, and water leaks, and contend that personal injury claims related to these issues are not based on new information. Similarly, Aspen and Holdings argue Plaintiffs should not be allowed to add a count alleging violation of the Kansas Consumer Protection Act

---

[15] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[16] *Twombly*, 550 U.S. at 555.

[17] *Id.* at 556.

[18] *Mars v. Novartis Pharm. Corp.*, No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

[19] ECF No. 283.

because none of the depositions or written discovery in the case has dealt with consumer protection issues or fraud. Aspen and Holdings argue they would be prejudiced by the amount of discovery that would have to be repeated or conducted anew if Plaintiffs are allowed to assert claims under the Kansas Consumer Protection Act.

Both sides recognize that a valid basis for denying amendment exists where the proposed amendment is a moving target.[20] The Court recognizes that the transformation of this case from a putative class action to a multi-plaintiff suit provides a valid basis for Plaintiffs to assert personal injury claims—which Defendants were on notice that Plaintiffs intended to do. However, neither that nor any other ground convinces the Court that Plaintiffs should be allowed to assert claims under the Kansas Consumer Protection Act at this late date. Undue delay in this aging case would result from the discovery Plaintiffs would need to conduct in search of supporting evidence, and the elements of the claims are sufficiently different that Defendants cannot be said to have been on notice of the claims.

Investors, Aspen, and Holdings also argue that amendment should be rejected because it is futile. It is well settled that a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim.[21] Dismissal of a claim under Rule 12(b)(6) is appropriate only when it appears "beyond a doubt" that a party can prove no set of facts in support of the theory of recovery that would entitle it to

---

[20] And both sides cite the same case for this proposition. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

[21] *Bratcher v. Biomet Orthopedics, LLC*, No. 19-cv-4015-SAC-TJJ, 2019 WL 2342976, at *5 (D. Kan. June 3, 2019) (citing *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995)).

relief.[22]  The issue before this Court is therefore not whether Plaintiffs ultimately will prevail on their prayer for punitive damages, but whether they are entitled to offer evidence to support their alleged entitlement thereto.[23]

The Court need not consider Defendants' futility arguments related to Kansas Consumer Protection Act claims, which the Court will not permit Plaintiffs to assert. Investors asserts that its sale of the property in 2015 means remaining claims against it are time-barred, and that the claims cannot relate back because they do not arise out of the same transaction or occurrence set out or attempted to be set out in Plaintiffs' original pleading.[24] The Court disagrees. As Judge Vratil wrote in her Memorandum and Order denying class certification, Plaintiffs have previously asserted these claims.

> Plaintiffs allege that defendants have maintained severely substandard housing conditions at Central Park Towers in violation of lease agreements and state and common law duties. These conditions include mold, water leaks and infestations of bed bugs, mice, cockroaches and other vermin and insects.[25]

Accordingly, the Court will grant Plaintiffs' motion to amend and will allow Plaintiffs to file their proposed Third Amended Class Action Complaint, with the exception of Count Five which asserts claims under the Kansas Consumer Protection Act.

## III.    Motion to Intervene

The Proposed Intervenors seek permissive intervention under Federal Rule of Civil Procedure 24(b). "On timely motion, the court may permit anyone to intervene who: (A) is given

---

[22] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).

[23] *Beach v. Mutual of Omaha Ins. Co.,* 229 F. Supp. 2d 1230, 1234 (D. Kan. 2002).

[24] *See* Fed. R. Civ. P. 15(c)(1)(B).

[25] ECF No. 278 at 2.

a conditional right to intervene by federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention is a matter of discretion, but courts are required to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[26]

Defendants argue the motion is untimely, that the purported intervenors do not share common questions of law or fact with the main action, and that intervention would cause undue delay and prejudice. The Court finds these arguments unavailing. All parties have known the posture of this case would change if Judge Vratil denied Plaintiffs class action status for anything other than injunctive claims. This action addresses the habitability and conditions at Central Park Towers as they affect the residents. That has always been what this case is about, and the request for new and additional residents to intervene is exactly what Plaintiffs have long anticipated and announced as the necessary procedural step if their Rule 23(b)(3) claims were not allowed. The Court will permit the intervention.[27]

Plaintiffs also seek permission to add more tenants as counsel are able to meet with them in person and fully advise them about their rights and obligations as participants in this lawsuit. That effort has been hampered by Covid-19 concerns and safety measures imposed by governmental authorities. As a result, not all current and former tenants represented by Plaintiffs' counsel are included in the motion to intervene as of its filing. Plaintiffs therefore ask the Court to consider timely any motion to intervene they file within 45 days of the date of this order. Defendants oppose the motion.

---

[26] Fed. R. Civ. P. 24(b)(3).

[27] Plaintiffs are permitted to include Thelma White in the caption, as the omission of her name in the proposed amended pleading was inadvertent.

Since the time of filing, it is likely that counsel have been able to continue their due diligence, perhaps to the point of completion. The Court finds that, while not ideal, Plaintiffs' proposal is necessary to protect the health and safety of the clients and counsel. Accordingly, the Court will find timely any motion to intervene Plaintiffs file within 30 days of the date of this order. And to the extent Plaintiffs' counsel have identified additional intervenor residents through their investigation and verification, they shall include those Intervenor Plaintiffs in their amended pleading.

The Court will grant Plaintiffs' Motion to file their Third Amended Class Action Complaint, including naming a new class representative, with the exception of Count Five which asserts claims under the Kansas Consumer Protection Act. The Court will also grant the Motion to Intervene filed on behalf of those residents (including Thelma White) who are identified in the proposed Third Amended Class Action Complaint and have been verified as such since Plaintiffs filed their motion.

**IT IS THEREFORE ORDERED** that the Motion to Amend and Intervene (ECF No. 293) is **GRANTED**.  In accordance with D. Kan. Rule 15.1(b), Plaintiffs shall electronically file and serve their Third Amended Class Action Complaint on Defendants PK Management, LLC, Central Park Investors, LLC, Aspen Companies Management, LLC, and Central Park Holdings, LLC within five (5) business days of the date of this order, and shall serve summons and Third Amended Class Action Complaint on Young Management Corporation within thirty (30) days of filing the Third Amended Class Action Complaint.

**IT IS FURTHER ORDERED** that Plaintiffs may seek intervention on behalf of any additional former and current tenants of Central Park Towers within thirty (30) days of the date of this order.

**IT IS SO ORDERED.**

Dated this 28th day of August, 2020 at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge