## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LEORA RILEY, et al.,                          )
*Individually and on behalf of all others*    )
*similarly situated,*                          )
                                               )
                             Plaintiffs,       )
                                               )
v.                                             )        Case No. 18-cv-2337-KHV-TJJ
                                               )
PK MANAGEMENT, LLC, et al.,                    )
                                               )
                             Defendants.       )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Aspen Companies Management, LLC and

Central Park Holdings, LLC's Motion to Reconsider the Court's Memorandum and Order (ECF

No. 309). Aspen Companies Management, LLC ("Aspen") and Central Park Holdings, LLC

("Holdings") ask the Court to reconsider its order granting Plaintiffs leave to file a Third

Amended Complaint and allowing other tenants of Central Park Towers to intervene as

Plaintiffs. Upon consideration of the matter, the Court finds the motion should be denied.

**I.      Background**

In its order granting Plaintiff leave to join Young Management Corporation as a party

defendant, the Court gave the following procedural history.

> On December 20, 2019, District Judge Vratil denied Plaintiffs' Motion for
> Class Certification without prejudice.[1] Consistent with the Phase I
> Scheduling Order entered in this case, the parties submitted a Phase II
> Planning Report and the undersigned Magistrate Judge convened a Status
> Conference to address further scheduling. After hearing Plaintiffs' plan
> for managing the case and Defendants' views on how to most efficiently
> proceed, the Court entered a Preliminary Phase II Class Certification

---

[1] ECF No. 278.

Scheduling Order. . . . Defendants Aspen Companies Management, LLC and Central Park Holdings, LLC argued that Young should be added to the case before Plaintiffs sought leave to amend their complaint. . . . After considering the parties' positions, the undersigned Magistrate Judge entered an order employing the sequence Defendants proposed. The order directs Plaintiffs to file their motion to add Young and, after obtaining a ruling on that motion, to file their motion to intervene and amend regarding additional tenants and claims, as well as their renewed motion for class certification.[2]

Plaintiffs timely filed their motion to amend and intervene, which Defendants opposed.[3] The Court granted the motion and in pertinent part: (1) allowed Plaintiffs to name a new class representative, (2) granted Plaintiffs leave to file their proposed Third Amended Class Action Complaint with the exception of Count Five which asserted claims under the Kansas Consumer Protection Act, and (3) allowed Plaintiffs to seek intervention on behalf of any additional former and current tenants of Central Park Towers within thirty (30) days. Aspen and Holdings ask the Court to reconsider and reverse each of those rulings or in the alternative, to amend the order to include specific findings of fact and conclusions of law.

## II.     Legal Standard

Aspen and Holdings bring this motion under D. Kan. Rule 7.3(b), which sets forth three bases on which a party may seek reconsideration of a non-dispositive order by a magistrate judge. They rely on one of those grounds, "the need to correct clear error or prevent manifest injustice."[4] A motion to reconsider on this basis is only appropriate where the Court has obviously misapprehended a party's position, the facts, or applicable law.[5] A motion to

---

[2] ECF No. 292 at 1-2.

[3] ECF No. 293.

[4] D. Kan. Rule 7.3(b)(3).

[5] *Comeau v. Rupp*, 810 F. Supp. 1172, 1174-75 (D. Kan. 1992).

reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed.[6] A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.[7] Whether to grant a motion to reconsider is left to the Court's discretion.

### III.    Analysis

#### A.    Motion for Leave to File Third Amended Class Action Complaint

Aspen and Holdings assert that in allowing Plaintiffs to amend their complaint, the Court failed to address the argument that amendment should have been denied because Plaintiffs are asserting personal injury claims outside the applicable statute of limitations. They cite pages 25-28 of their response as the location of their earlier argument.[8] Those pages do not address the motion to amend, but instead are directed to Plaintiffs' motion to intervene. Aspen and Holdings did not mention statute of limitations in the 18 pages they devoted to opposing the motion to amend.[9] Issues regarding intervention are distinct from those related to amending a pleading, and the Court fully considered the parties' positions on each. Because this is a new argument, it is not properly brought in a motion to reconsider.

Next, Aspen and Holdings contend the Court did not address their arguments that Plaintiffs should not have been permitted to add personal injury claims because of undue delay and undue prejudice. The undue prejudice they cite is having to conduct discovery on the

---

[6] *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994).

[7] *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005).

[8] Aspen and Holdings filed a combined response to Plaintiffs' motion for leave to amend, motion to intervene, and request to amend the Phase II Scheduling Order. *See* ECF No. 297.

[9] *See* ECF No. 297 at 3-21.

subject. Their entire argument on undue delay is that "Plaintiffs offer no justification for their

undue delay in bringing these claims."[10] In their response to Plaintiffs' motion to amend, Aspen

and Holdings had primarily discussed what discovery would be necessary in relation to a Kansas

Consumer Protection Act claim.[11] The Court denied Plaintiffs' motion to amend insofar as it

sought to add the Kansas Consumer Protection Act claim, in part because of the additional

discovery that would be necessary. Although the Court did not explicitly address discovery for

personal injury claims, the Court found that "the transformation of this case from a putative class

action to a multi-plaintiff suit provides a valid basis for Plaintiffs to assert personal injury

claims—which Defendants were on notice that Plaintiffs intended to do."[12] By not finding that

---

[10] Their reply brief makes no mention of this issue.

[11] *See id.* at 19-20.

[12] ECF No. 305 at 5. Aspen and Holdings also deny having received notice that any Plaintiffs intended to seek damages for personal injury. But in a January 17, 2020 email to Judge James that followed Judge Vratil's order on class certification (with all counsel copied), Plaintiffs' counsel wrote the following: "This afternoon, Plaintiffs submitted a detailed draft Phase II planning report to Defendants for their review and consideration laying [out] a proposal to (1) Proceed with a renewed injunctive relief class under FRCP 23(b)(2) on or before February 14, 2020, and (2) Proceed with individual damage claims as a mass tort."

And in the joint proposed Phase II Scheduling Order the parties submitted on January 31, 2020, Plaintiffs stated their position as follows:

> In light of the Court's Order regarding Class Certification (Doc. 278), Plaintiffs have developed the following plan for this case: ***First***, Plaintiffs intend to renew their motion. However, in this renewed motion, Plaintiffs intend to only seek certification pursuant to Rule 23(b)(2), for injunctive relief. ***Second***, Plaintiffs intend to intervene to add the other clients (approximately 70-80 additional tenants). Because of the recent revelation that the property manager has changed, Plaintiffs also intend to join Young Management Company as a Defendant. ***Finally***, as a part of this amendment, Plaintiffs (along with the 70-80 other tenants) intend to bring claims for personal injury stemming from the infestations, along with mold, flooding, HVAC, gas, and other habitability issues that arose while this case has been pending.

additional discovery regarding personal injury claims would cause undue delay, in contrast to the Kansas Consumer Protection Act claim, the Court rejected the argument.

Next, Aspen and Holdings assert amendment is futile because Plaintiffs Ozburn and Riley are no longer tenants and cannot show the irreparable harm required for injunctive relief. The Third Amended Complaint does not assert a claim for injunctive relief on behalf of Ozburn and Riley. The reply, while silent on the issue, also fails to admit the argument is baseless.

The final argument against amendment is an objection to appointment of Audrey Meyer as class representative. The adequacy of a proposed class representative and the typicality of her claims are issues for Judge Vratil to determine on a renewed motion for class certification under Fed. R. Civ. P. 23. This is not a pleading issue. Once again, this argument is ignored in the reply.

The Court denies the motion insofar as it seeks reconsideration of the order allowing amendment the complaint.

B.      Motion to Intervene

Aspen and Holdings ask the Court to reconsider its order allowing other tenants to intervene on the ground that they did not establish a right to intervene by showing common issues of fact or law between the claims asserted by the original Plaintiffs and the Intervenor-Plaintiffs. Plaintiffs sought and were granted permissive intervention.[13] It cannot reasonably be disputed that Intervenor-Plaintiffs' claims concerning the habitability of Central Park Towers,

---

The inclusion of mass tort allegations arose only as a consequence of Judge Vratil's order regarding class certification, entered on December 20, 2019. As this correspondence demonstrates, all Defendants were on notice of Plaintiffs' intention to seek personal injury damages.

[13] "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

the only building ever at issue in this case, do not have issues of fact in common with the claims Plaintiffs have long asserted.

Finally, Aspen and Holdings ask the Court to issue an additional order that includes specific findings of fact and conclusions of law. The basis of the request is Kansas Supreme Court Rule 165, which requires Kansas state courts to make findings of fact and conclusions of law in orders ruling on contested matters heard without a jury and summary judgment motions. The Kansas rule does not apply to this Court's ruling on a motion to intervene.

The Court denies the motion insofar as it seeks reconsideration of the order allowing permissive intervention.

Plaintiffs have filed a motion to strike Aspen and Holdings' reply brief or in the alternative, to have a hearing or permit Plaintiffs to file a sur-reply.[14] The Court denies the motion, but cautions Aspen and Holdings that the Court will carefully consider whether their future filings are fully compliant with Federal Rule of Civil Procedure 11.

**IT IS THEREFORE ORDERED** that Defendants Aspen Companies Management, LLC and Central Park Holdings, LLC's Motion to Reconsider the Court's Memorandum and Order (ECF No. 309) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' and Intervenor-Plaintiffs' Motion to Strike or, in the Alternative, for Hearing or Leave to File Surreply (ECF No. 323) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 19th day of January, 2021 at Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge

---

[14] ECF No. 323.

6