**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LEORA RILEY, et al., )<br>*Individually and on behalf of all others* )<br>*similarly situated,* )<br>          ) <br>                    Plaintiffs,    )<br>          )<br>v.              )<br>          )<br>PK MANAGEMENT, LLC, et al.,    )<br>          )<br>                    Defendants.    ) | Case No. 18-cv-2337-KHV-TJJ |

## **ORDER**

This matter is before the Court on Plaintiffs' Opposed Motion to Intervene (ECF No. 316). Plaintiffs bring their motion pursuant to the Court's Memorandum and Order[1] which granted Plaintiffs leave to file a Third Amended Complaint and granted the request of additional tenants of Central Park Towers to become Intervenor-Plaintiffs. The Court allowed intervention by tenants that Plaintiffs' counsel had identified at the time,[2] and also permitted counsel to later seek to add more tenants as counsel were able to meet with them in person and fully advise them about their rights and obligations as participants in this lawsuit. The issue arose because counsel's efforts have been hampered by Covid-19 concerns and safety measures imposed by governmental authorities. As a result, not all current and former tenants that might be represented by Plaintiffs' counsel were included in the motion to intervene as of its filing. Plaintiffs therefore asked the Court to consider timely any motion to intervene they would file within 45 days of the

---

[1] ECF No. 305.

[2] The same counsel represent Plaintiffs and Intervenor-Plaintiffs. The Court will refer to them simply as Plaintiffs' counsel.

date of the order on the motion to intervene. The Court granted the motion, but set the deadline for 30 days later.[3]

Plaintiffs filed the instant motion pursuant to and consistent with the Court's order granting intervention. Defendants Aspen Companies Management, LLC ("Aspen") and Central Park Holdings, LLC ("Holdings") oppose the motion by repeating the arguments made in their opposition to Plaintiffs' motion to intervene. The Court has twice rejected their arguments, first granting the motion to intervene[4] and later denying Aspen and Holdings' motion to reconsider.[5]

But Aspen and Holdings also oppose the instant motion on the grounds that Intervenor-Plaintiffs' claims should be compared to a prior version of the complaint. In so doing, Aspen and Holdings conflate the status of the operative complaint with that of an earlier version. The operative class action complaint is the Third Amended Class Action Complaint.[6] The claims in the proposed Complaint of Second Wave Intervenors[7] satisfy the commonality requirement the Court considered in allowing intervention. The argument is without merit.

Plaintiffs attached to their reply a version of the proposed Complaint of Second Wave Intervenors that is different than the one attached to their motion.[8] They explain the differences as two name corrections, the addition of one omitted party, and the deletion of a tenant who has since died. Aspen and Holdings draw one of those changes to the Court's attention in a Motion

---

[3] *See* ECF No. 305 at 8.

[4] ECF No. 305.

[5] ECF No. 340.

[6] ECF No. 307.

[7] ECF No. 329-1.

[8] *Compare* ECF No. 316-1 *with* ECF No. 329-1.

for Leave to File Sur-Response to Plaintiffs' Reply in Support of 2nd Intervenor Plaintiffs' Opposed Motion to Intervene.[9] In their proposed sur-response, Aspen and Holdings oppose the addition of Ellen Montgomery, who was not identified by the deadline of September 28, 2020. The only stated basis for their opposition is untimeliness. Plaintiffs contend the request to include Ms. Montgomery should be considered timely because the motion underlying it was not made out of time, even if her name was omitted from their proposed pleading. Plaintiffs offer no legal or logical support for their contention, which the Court rejects. But Plaintiffs explain that Ms. Montgomery sent her signed paperwork to counsel on the day of the deadline, and counsel received it after the deadline. Plaintiffs urge the Court to exercise its discretion to permit her inclusion, as doing so will not be unduly prejudicial to Defendants but refusing her inclusion would result in prejudice to Ms. Montgomery because she would have to file her own state court action. In their reply, Aspen and Holdings stand by their untimeliness argument. They have not asserted prejudice. The Court will exercise the discretion granted it relative to ruling on motions to intervene and will permit Plaintiffs to make the changes they propose to the Complaint of Second Wave Intervenors.[10]

To avoid confusion and to simplify a record that is already voluminous, the Court will require Plaintiffs to file a single consolidated complaint that combines the Third Amended Class Action Complaint and the proposed Complaint of Second Wave Intervenors found at ECF No. 329-1, thereby comprehensively stating the claims of all Plaintiffs and all Intervenor-Plaintiffs.

---

[9] ECF No. 331. Plaintiffs do not oppose and the Court will grant the motion for leave to file a sur-response.

[10] Permissive intervention is a matter of discretion, but courts are required to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

With the parties' history of failing to agree on procedural issues, the Court directs Plaintiffs to submit a draft of the consolidated complaint (titled "Consolidated Third Amended Class Action and Intervenors' Complaint") to defense counsel, who shall review the draft only for the ministerial task of confirming it complies with this order.

**IT IS THEREFORE ORDERED** that Plaintiffs' Opposed Motion to Intervene (ECF No. 316) is **GRANTED**. Plaintiffs shall create a Consolidated Third Amended Class Action and Intervenors' Complaint as described herein. No later than **January 25, 2021**, Plaintiffs shall provide a copy of the document to defense counsel. No later than **February 1, 2021**, defense counsel shall confirm that the document complies with this order. No later than three business days after defense counsel has confirmed the document's compliance, Plaintiffs shall file and serve the Consolidated Third Amended Class Action and Intervenors' Complaint.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Sur-Response to Plaintiffs' Reply in Support of 2nd Intervenor Plaintiffs' Opposed Motion to Intervene (ECF No. 331) is **GRANTED**. Aspen and Holdings shall file the sur-response within five business days of the date of this order.

**IT IS SO ORDERED.**

Dated this 19th day of January, 2021 at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge